[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that in the months preceding November 27, 1990 and particularly June 8, 1986, the plaintiff by his own testimony lived at the residence of friends, at the residence of a girlfriend, in tents when taking excursions on a motorcycle, and also on occasion, in the basement of his parents home.
It was also the testimony of the plaintiff that any living accommodations afforded the plaintiff by his father was temporary.
The court takes particular note of defendant's exhibit 1 which reads as follows.
 I, John D. Stevens withdraw all claims against the following policy holders, and their insurance company: John and Dorothy Stevens, Mary and Ronald Stevens. I also acknowledge that I was not a member of my father's household at the time of my accident, and did not have a Connecticut Driver license at that time.
The court concludes that the plaintiff's residence was not at the home of his parents.
James D. O'Connor, Judge. CT Page 9365
The above written Memorandum of Decision was typed from the decision of Judge O'Connor made in script prior to his death but not reduced to the usual typewritten form.
Based on the decision of Judge O'Connor that John D. Stevens was not a resident of his father's household, he therefore, does not have standing under the father's insurance policy to demand arbitration under that policy.
The application for arbitration is denied.
Arnold W. Aronson, Judge.